UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE: ARLENE ROTH

ARLENE ROTH,

        Appellant,

v.                                                        Case No: 2:16-cv-510-FtM-99
                                                                   Bankr. No. 9:10-bk-30383-FMD

NATIONSTAR MORTGAGE LLC,

        Appellee.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on an appeal from the Bankruptcy Court's June 15, 2016 Order Denying Debtor Arlene Roth's Second Motion for Sanctions (Doc. #11-2; Bankr. Doc. #81)[2] and from the Bankruptcy Court's September 16, 2016 Memorandum Opinion Supplementing Order Denying Debtor's Second Verified Motion for Sanctions Against Nationstar Mortgage for Violation of the Discharge Injunction. (Doc.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The Court will make reference to the documents filed in the underlying bankruptcy case for 9:10–bk–30383–FMD throughout this Opinion and Order, identified as "Bankr. Doc. #," which are otherwise judicially noticed and accessible through PACER. Copies of relevant documents are also included in the record transmitted by the Bankruptcy Court at Doc. #11, which will be identified in this Opinion and Order as "Doc. #."

#16-1)³.  Appellant-Debtor Arlene Roth (hereinafter, Appellant or Roth) filed her Initial Brief (Doc. #19) on November 14, 2016.  Appellee Nationstar Mortgage LLC filed its Answer Brief (Doc. #20) on December 14, 2016, to which Appellant replied (Doc. #26).

This appeal stems from a communication Nationstar sent Appellant on November 18, 2015 (the "Informational Statement") (Doc. #11-39), which Appellant alleges was sent for the improper purpose of collecting on a mortgage debt for which her personal liability had been discharged in bankruptcy.  The Bankruptcy Court denied Appellant's request to sanction Nationstar for its actions, finding that the Informational Statement was not an attempt to collect a debt within the meaning of 11 U.S.C. § 524(a).  On appeal, Appellant claims that the Bankruptcy Court erred in its determination and otherwise made improper factual determinations without an evidentiary hearing.  For the reasons set forth below, the Court affirms the Bankruptcy Court's ruling.

I.     **Legal Principles**

The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court.  28 U.S.C. § 158(a); *In re JLJ, Inc.*, 988 F.2d 1112, 1116 (11th Cir. 1993).  Congress empowered bankruptcy courts broadly to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code, including sanctions to enforce a discharge injunction. 11 U.S.C. § 105(a); *In re McLean*, 794 F.3d 1313, 1319 (11th Cir. 2015) (citing *In re Hardy*, 97 F.3d 1384, 1390 (11th Cir. 1996)).  The discharge injunction of 11 U.S.C.

---

³ In its June 15, 2016 Order, the Bankruptcy Judge reserved the right to supplement the Order with a written memorandum opinion.  (Doc. #16-1, citing *Silverthorne v. Laird*, 460 F.2d 1175, 1178-79 (5th Cir. 1972)).  As this appeal was filed on June 27, 2016, prior to the Bankruptcy Court entering its Memorandum Opinion and Order, Appellant was granted leave to supplement the record with the Memorandum Opinion and Order.  (Doc. #21).

Section 524(a) automatically and immediately arises upon the entry of a bankruptcy discharge enjoining:

> ... the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

11 U.S.C. § 524(a)(2). Section 524 "embodies the 'fresh start' concept of the bankruptcy code." *In re Hardy*, 97 F.3d at 1388-89. A debtor who has received a discharge in bankruptcy may seek redress for a violation of the discharge injunction by instituting contempt proceedings in the Bankruptcy Court to sanction the contempt. *In re McLean*, 794 F.3d at 1319; *Cox v. Zale Del., Inc.*, 239 F.3d 910, 916 (7th Cir. 2001) (stating "[a]ffirmative relief can be sought only in the bankruptcy court that issued the discharge.").

A creditor may be held liable for contempt pursuant to Section 105(a) for willfully violating the permanent injunction of 11 U.S.C. § 524. *In re Hardy*, 97 F.3d at 1390. Conduct is willful regarding a discharge violation if the creditor: "1) knew that the discharge injunction was invoked and 2) intended the actions which violated the discharge injunction." *Id.* (*applying In re Jove Eng'g, Inc.*, 92 F.3d 1539, 1545 (11th Cir. 1996) willful test to § 524(a) violations). The subjective beliefs or intent of the creditor are irrelevant. *Id.* Receipt of notice of a debtor's discharge is sufficient to establish the knowledge element of the two-part test. *Id.*

Generally speaking, civil contempt sanctions for violation of a discharge injunction is a "contested matter." *In re McLean*, 794 F.3d at 1326. A contested matter is any litigation resolving "an actual dispute, other than an adversary proceeding, before the bankruptcy court." Fed. R. Bankr. P. 9014 Adv. Comm. Note. "A finding of civil contempt must be based on clear and convincing evidence that a court order was violated rather

than the preponderance-of-the-evidence standard typically employed in civil actions." *Id.* (quoting *In re Jove*, 92 F.3d at 1545).

Our standard of review on appeal of a motion for sanctions is abuse of discretion. *See In re Porto*, 645 F.3d 1294, 1303 (11th Cir. 2011). "An abuse of discretion exists where a court applies the wrong legal standard, makes clearly erroneous findings of fact, or bases its decision on a clear error in judgment." *Id.* A finding of fact is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been committed." *Crawford v. W. Electric Co., Inc.*, 745 F.2d 1373, 1378 (11th Cir. 1984) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)); *In re Walker*, 515 F.3d 1204, 1212 (11th Cir. 2008); *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc) ("[W]hen employing an abuse-of-discretion standard, we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard."). Additionally, the Court reviews conclusions of law *de novo*. *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009).

## II.    Bankruptcy Proceedings Below

On December 22, 2010, Appellant filed a voluntary petition for Chapter 13 bankruptcy relief.  In her bankruptcy schedules, she listed "Bac Home Loan Servici[ng]" ("BAC") as holder of the first mortgage on real property located in Fort Myers, Florida (the "Property").  (Doc. #11-6).  She stated that she would surrender the Property in her Chapter 13 Plan, and BAC timely filed a proof of claim concerning the mortgage on March 31, 2011.  After a confirmation hearing, on October 2, 2011, the Bankruptcy Court entered an Order confirming the Plan.  (Bankr. Doc. #39).  Nationstar filed a transfer of claim other

than for security on April 17, 2013, which transferred BAC's claim to Nationstar. (Doc. #11-16).

Appellant made all payments due under the Plan, and on June 27, 2014, the Bankruptcy Court entered a discharge order. (Doc. #11-21). It is undisputed that the discharge order was served on Nationstar. On September 24, 2014, the Bankruptcy Court entered an Order finding the estate to be fully administered and closed the case. (Doc. #11-22).

Following entry of the discharge, Nationstar began sending statements to Appellant, allegedly demanding payment on the discharged mortgage debt. Because of Nationstar's actions, on August 18, 2015, Appellant moved to reopen the case alleging that Nationwide had violated the discharge injunction, warranting sanctions. (Doc. #11-23). The case was reopened on August 25, 2015. (Doc. #11-24). On that same date, Appellant concurrently filed a motion for sanctions in the bankruptcy case and a separate civil action against Nationstar for violations of the Fair Debt Collection Practices Act (FDCPA) and the Florida Consumer Collection Practices Act (FCCPA), styled *Roth v. Nationstar Mortgage LLC*, No. 2:15-cv-508-38CM. Appellant ultimately withdrew her motion for sanctions and voluntarily dismissed the civil action after the parties settled the disputed matters.

Because Nationstar continued to send Appellant statements, Appellant filed a second motion for sanctions for violation of 11 U.S.C. § 524, on December 14, 2015[4] (Doc. #11-34), the denial of which is the subject of the instant appeal. Appellant also concurrently filed a second civil action for violations of the FDCPA, which remains

---

[4] The second sanctions motion requested damages, attorney's fees, and costs. (Doc. #11-34).

pending.  *Roth v. Nationstar Mortgage LLC*, No. 2:15-cv-783-29MRM.  Nationstar opposed the second sanctions motion in Bankruptcy Court on February 19, 2016, arguing that the sole statement at issue was sent for informational purposes only and did not seek payment of a discharged debt.  (Doc. #11-41).  Appellant replied (Doc. #11-42), reiterating her claim of debt collection in violation of the discharge injunction.

The Bankruptcy Judge orally denied the second sanctions motion on May 26, 2016, finding that Nationstar's "Informational Statement" did not constitute an attempt to collect a debt, and thus could not be a violation of the discharge injunction.  (Transcript, Bankr. Doc. #88 at 7).   At the hearing, the Bankruptcy Judge did not hear argument from counsel, nor receive evidence.  Appellant requested that the Court issue a written opinion.  Despite the ruling, on May 27, 2016, Appellant filed a notice of withdrawal of her second sanctions motion.  (Doc. #11-47).  Nationstar opposed the withdrawal and requested its own sanctions.  The Bankruptcy Court entered a written Order on June 15, 2016, denying Appellant's second sanctions motion, and striking Appellant's notice of withdrawal.  (Doc. #11-2).  It reserved the right to supplement the Order with a written opinion.  (*Id.*).  This timely appeal of the denial Order (Doc. #11-2) followed on June 24, 2016.  (Doc. #1).  The Bankruptcy Court entered a memorandum opinion (Doc. #16-1) on September 16, 2016, which supplemented and confirmed its prior denial Order.

### III.    Discussion

On appeal, Appellant presents two issues: (1) whether the Bankruptcy Court made improper factual determinations without an evidentiary hearing; and (2) whether the Bankruptcy Court erroneously concluded that Nationstar's Informational Statement (Doc. #11-39) was an attempt to collect a debt within the meaning of 11 U.S.C. § 524.  Appellant

asserts that the Bankruptcy Court's determination was a legal conclusion subject to *de novo* review and reversal, but requests remand if subjective considerations are relevant to a determination of a discharge violation.

Here, in considering whether the Informational Statement was an attempt to collect a debt, the Bankruptcy Court found that the Informational Statement (Doc. #11-39) contained a prominent disclaimer reflecting that it was for informational purposes only[5] and it did not include a "payment demand, deficiency notice, or acceleration notice." (Doc. #16-1 at 6-8). The Bankruptcy Court also noted that the payment coupon attached to the Informational Statement is labeled "Voluntary Payment Coupon" indicating that any payment made would be made voluntarily by Appellant and was not required or demanded by Nationstar. (*Id.* at 8). The Bankruptcy Court noted that "Section 524(f) specifically contemplates a debtor's ability to make voluntary payments on a discharged debt" and because Nationstar had not completed a foreclosure of the Property when the Informational Statement was sent, Appellant could, under Section 524(f), elect to voluntarily pay Nationstar and reinstate her mortgage payments and retain the Property.[6]

---

[5] The disclaimer stated in **bold** print on the top of the first page:

> **This statement is sent for informational purposes only and is not intended to collect, assess, or recover a discharged debt from you, or as a demand for payment from any individuals protected by the United States Bankruptcy Code. If this account is active or has been discharged in a bankruptcy proceeding, be advised this communication is for informational purposes only and is not an attempt to collect a debt. Please note, however Nationstar reserves the right to exercise its legal rights, including but not limited to foreclosure of its lien interest, only against the property security the original obligation.**

(Doc. #11-39).

[6] Section 524 does not prohibit a debtor from repaying a debt. *See* 11 U.S.C. § 524(f) ("Nothing contained in subsection (c) or (d) of this section prevents a debtor from voluntarily repaying any debt.").

(*Id.*)  In analyzing the Informational Statement, the Bankruptcy Court stated that a creditor may have some contact with a debtor post-discharge as long as the communication does not amount to an attempt to collect a debt, and although Appellant stated her intent to surrender the Property, she still retained certain rights as the owner of the Property until Nationstar foreclosed on the Property.  (*Id.* at 9).

In support of reversal, Appellant argues that the District Court in the second civil action, *Roth v. Nationstar Mortgage LLC*, Case No. 2:15-cv-783-FtM-29MRM, 2016 WL 3570991, has already determined as a matter of law that the exact same Informational Statement examined by the Bankruptcy Court here was an attempt to collect a debt.  In that case, at the motion to dismiss stage, the District Court determined that Roth had plausibly alleged that the Informational Statement was sent to induce payment on Roth's mortgaged debt and was "related to debt collection" under the FDCPA.  *Id.* at *4.  Yet, in that civil action, the District Court examined the Informational Statement under standards of the FDCPA, through the eyes of the "least sophisticated consumer."  *Id.* at *5.  There, the key question was whether "the least sophisticated consumer" reading the Informational Statement, would have believed that the sender was attempting to induce payment on a debt.  *Id.* at *3.  Although Appellant invites the Court to adopt the "least sophisticated consumer" legal standard applicable to FDCPA cases in determining violations of a discharge injunction and follow the District Court's finding in Roth,[7] the Court declines to do so as there is no indication in the Bankruptcy Code that Congress

---

[7] The Court notes that contrary to Appellant's argument, the District Court in *Roth v. Nationstar Mortgage LLC*, 2016 WL 3570991, did not determine *as a matter of law* that the Informational Statement was an attempt to collect a debt.  The District Court only determined at the motion to dismiss stage that Roth had stated a plausible claim for violation of the FDCPA and FCCPA based upon the allegations in the Complaint, which were accepted as true.  *Id.* at *4.

intended for the bankruptcy courts to scrutinize discharge violations under the standards of the FDCPA.  See *Johnson v. Midland Funding, LLC*, 823 F.3d 1334, 1340 (11th Cir. 2016), *cert. granted*, 137 S. Ct. 326 (2016) ("The FDCPA and the Code differ in their scopes, goals, and coverage, and can be construed together in a way that allows them to coexist.").  Indeed, the Eleventh Circuit has held that "the test for whether a creditor violates the discharge injunction under 11 U.S.C. § 524(a)(2) is whether the objective effect of the creditor's action is to pressure a debtor to pay a discharged debt . . ." *In re McLean*, 794 F.3d at 1322.

Appellant here does not persuasively explain how the District Court's finding in *Roth*, which is non-binding on this Court - and was most importantly decided under a different legal standard - would support this Court's conclusion that the Bankruptcy Court applied the incorrect legal standard in making its determination.  The Bankruptcy Court here did not have to follow *Roth* and certainly did not abuse its discretion in failing to do so.  Additionally, the Court is aware that the Bankruptcy Court relied on *Helman v. Udren Law Offices, P.C.*, 85 F. Supp. 3d 1319 (S.D. Fla. 2014), in its Memorandum Opinion and Order, which is a case brought under the FDCPA, in finding that a substantially similar statement was not an attempt to collect a debt. (Doc. #16-1 at 7-9).  But the *Helman* case did not rely on the "least sophisticated consumer" standard in its determination, nor did the Bankruptcy Court.

This Court finds that the Bankruptcy Court did not abuse its discretion in denying the motion for sanctions.  In exercising its discretion, the Bankruptcy Court considered the language of the Informational Statement by applying the correct legal standards and did not rely on erroneous factual findings.  A Bankruptcy Court exercises considerable

control and broad equitable powers to enforce discharge injunctions and determine whether sanctions are appropriate. *In re Hardy*, 97 F.3d at 1389.

Furthermore, Appellant's argument that the Bankruptcy Court made improper factual findings without conducting an evidentiary hearing fails, and the Court finds no error. Specifically, Appellant argues that the Bankruptcy Court erred by failing to hold an evidentiary hearing before surmising Nationstar's intent for sending the statement, as well as its finding that Appellant "can hardly have thought that Nationstar was trying to collect the discharged debt." But this sole contested finding was unnecessary to support the Bankruptcy Court's conclusion that the Informational Statement was not an attempt to collect a debt and the Bankruptcy Court would have reached the same result regardless of the challenged finding. (Doc. #16-1 at 9). Appellant has not cited any binding authority for the proposition that Appellant's subjective beliefs are relevant to – and *must be* considered by – the Bankruptcy Court in its determination of whether the Informational Statement was an attempt to collect a debt. If there are no disputed factual matters in the record, no hearing is required. *See In re McLean*, 794 F.3d at 1324, n.4; *Mercer v. Mitchell*, 908 F.2d 763, 769 n.11 (11th Cir. 1990).

Additionally, even if the Bankruptcy Court erred in making the disputed factual finding, any error was harmless as the Bankruptcy Court made other numerous unchallenged factual findings sufficient to support its decision. *See United States v. Killough*, 848 F.2d 1523, 1527 (11th Cir. 1988) ("An error is presumed harmless unless it affects the substantial rights of a party."); *In re Split Second Towing & Transp. Inc.*, No. 8:09-cv-2479-24, 2010 WL 3385482, at *3 (M.D. Fla. Aug. 26, 2010) (error made by bankruptcy court harmless because it would "not have changed the outcome."). Finally,

Nationstar's intent in sending the Informational Statement is irrelevant to the court's determination of whether its conduct was a willful violation of the discharge order. *See In re Hardy*, 94 F.3d at 1390.

Accordingly, it is now

**ORDERED:**

(1) The Bankruptcy Court's June 15, 2016 Order Denying Debtor Arlene Roth's Second Motion for Sanctions (Doc. #11-2) and the Bankruptcy Court's September 16, 2016 Memorandum Opinion Supplementing Order Denying Debtor's Second Verified Motion for Sanctions Against Nationstar Mortgage for Violation of the Discharge Injunction. (Doc. #16-1), are **AFFIRMED**.

(2) The Clerk shall enter judgment accordingly, transmit a copy of this Opinion and Order and the Judgment to the Clerk of the Bankruptcy Court, terminate the appeal, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 28th day of February, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
Hon. Caryl E. Delano
Clerk, Bankr. Court
All Parties of Record